IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW PLISKIN, AS TRUSTEE OF THE ICPW NEVADA TRUST<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | ) | Civil Action No. 3:19-cv-01179-K |
| | ) | |
| ROBERT GOLDSTEIN and DRG STRATEGIC, LLC d/b/a MERIDIAN GLOBAL,<br>    Defendants. | )<br>)<br>)<br>) | JUDGE ED KINKEADE |

## **DEFENDANTS' ORIGINAL ANSWER**

Defendants DRG Strategic, LLC, d/b/a Meridian Global ("DRG") and Robert Goldstein "Goldstein")(DRG and Goldstein will be collectively referred to herein as "Defendants") file this Original Answer and would show the Court as follows:

1.   Plaintiff fails to state a claim upon which relief can be granted.

2.   Defendants deny the allegations in Paragraph 1 of Plaintiff's Original Complaint.

3.    Defendants deny the allegations in Paragraph 2 of Plaintiff's Original Complaint.

4.   Defendants are without sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiff's Original Complaint.

5.   Defendants admit the allegations in Paragraph 4 of Plaintiff's Original Complaint.

6.   Defendants deny the allegations in Paragraph 5 of Plaintiff's Original Complaint as this Court has jurisdiction over this matter.

7.   Defendants deny the allegations in Paragraph 6 of Plaintiff's Original Complaint as venue is proper in this Court.

8.   Defendants are without sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's Original Complaint.

9.	Defendants admit the factual allegations in the first two sentences of Paragraph 8 of Plaintiff's Original Complaint, but deny Plaintiff's derogatory references to the three individuals as set out in the parentheticals at the end of the first sentence of Paragraph 8. Defendants are without sufficient information to admit or deny the allegations in the last sentence of Paragraph 8 of Plaintiff's Original Complaint.

10.	Defendants admit the allegations in Paragraph 9 of Plaintiff's Original Complaint.

11.	Defendants deny as worded the allegations in the first sentence of Paragraph 10 of Plaintiff's Original Complaint. Defendants admit DRG had done business with companies where Cordes, Aisenberg and Felton were employed before they were employed by Ironclad, and admit Goldstein knew they held various positions with Ironclad. Defendants deny the remainder of the second sentence of Paragraph 10.

12.	Defendants are without sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Original Complaint.

13.	Defendants deny the allegations in Paragraph 12 of Plaintiff's Original Complaint.

14.	Defendants deny the allegations in Paragraph 13 of Plaintiff's Original Complaint. Defendants admit DRG entered into three separate agreements with Ironclad with regard to certain gloves Ironclad told DRG Ironclad owned that were in Canada and which Ironclad needed to have labels removed in order to sell the gloves. Defendants deny they had any knowledge of the effect of such transactions or that such transactions facilitated anything other than the sale of the gloves in question.

15.	Defendants deny the allegations in Paragraph 14 of Plaintiff's Original Complaint.

16.	Defendants deny the allegations in Paragraph 15 of Plaintiff's Original Complaint.

17.	Defendants deny the allegations in Paragraph 16 of Plaintiff's Original Complaint.

18.	Defendants deny the allegations in Paragraph 17 of Plaintiff's Original Complaint.

19. Defendants deny the allegations in Paragraph 18 of Plaintiff's Original Complaint.

20. Defendants deny the allegations in Paragraph 19 of Plaintiff's Original Complaint.

21. Defendants deny the allegations in Paragraph 20 of Plaintiff's Original Complaint.

22. Defendants deny the allegations in Paragraph 21 of Plaintiff's Original Complaint.

23. Defendants deny the allegations in Paragraph 22 of Plaintiff's Original Complaint.

24. Defendants are without sufficient information to admit or deny the allegations in Paragraph 23 of Plaintiff's Original Complaint.

25. Defendants deny the allegations in Paragraph 24 of Plaintiff's Original Complaint.

26. No responsive pleading is necessary to Paragraph 25 of Plaintiff's Original Complaint.

27. Defendants deny the allegations in Paragraph 26 of Plaintiff's Original Complaint.

28. Defendants are without sufficient information to admit or deny the allegations in Paragraph 27 of Plaintiff's Original Complaint.

29. Defendants are without sufficient information to admit or deny the allegations in Paragraph 28 of Plaintiff's Original Complaint.

30. Defendants deny the allegations in Paragraph 29 of Plaintiff's Original Complaint.

31. Defendants deny the allegations in Paragraph 30 of Plaintiff's Original Complaint.

32. Defendants deny the allegations in Paragraph 31 of Plaintiff's Original Complaint.

33. Defendants deny the allegations in Paragraph 32 of Plaintiff's Original Complaint.

34. No responsive pleading is necessary to Paragraph 33 of Plaintiff's Original Complaint

35. Defendants deny the allegations in Paragraph 34 of Plaintiff's Original Complaint.

36. Defendants deny the allegations in Paragraph 35 of Plaintiff's Original Complaint.

37. Defendants deny the allegations in Paragraph 36 of Plaintiff's Original Complaint.

38. Defendants the Prayer for Relief set out in Plaintiff's Original Complaint.

## OTHER DEFENSES

39. Plaintiff's claims are barred by the applicable two-year statute of limitations.

40. The damages Plaintiff alleges were cause by the conduct of other persons not under the control of either Defendant.

41. To the extend Aisenberg, Cordes and/or Felton breached any fiduciary duty, such breach was unknown to either Defendant, and any such breach was the sole cause of any of the damages alleged by Plaintiff in this lawsuit.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiff take nothing, that Defendants recover from Plaintiff their costs, and for such other relief both general and special, at law or equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

*/s/ Bernie E. Hauder*
BERNIE E. HAUDER
State Bar No. 09233600
Bernie@ahblaw.net
Adkerson, Hauder & Bezney, PC
1700 Pacific Ave., Suite 4450
Dallas, Texas 75201-7323
214-740-2500 - Telephone
214-740-2501 – Facsimile

**ATTORNEYS FOR DEFENDANTS:**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by filing the same in this Court's CM/ECF system this 6th day of June, 2019.

*/s/ Bernie E. Hauder*
BERNIE E. HAUDER